O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLARK ALLEN FOX,<br><br>          Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. 5:16-CV-01328 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In January of 2013, Plaintiff Clark Allen Fox applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1] Plaintiff, represented

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

by the Law Offices of Bill LaTour, Esq., Shaza Quadi, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10,12, 25). On June 6, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 24).

## II. BACKGROUND

Plaintiff applied for benefits on January 22, 2013, alleging disability beginning December 31, 2009, due to various physical impairments. (T at 14).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On January 14, 2015, a hearing was held before ALJ Nancy Stewart. (T at 24). Plaintiff appeared with his attorney and testified. (T at 28-47). The ALJ also received testimony from Scott Troy, a vocational expert (T at 48-53).

On January 27, 2012, the ALJ issued a written decision denying the applications for benefits. (T at 9-23). The ALJ's decision became the

---

[2] Citations to ("T") refer to the administrative record at Docket No. 16.

2

DECISION AND ORDER – FOX v BERRYHILL 5:16-CV-01328-VEB

Commissioner's final decision on June 7, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On June 22, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on November 16, 2016. (Docket No. 15). Plaintiff filed a supporting memorandum of law on December 23, 2016. (Docket No. 18). The Commissioner filed an opposing memorandum on February 17, 2017. (Docket No. 23).

After reviewing the pleadings, memoranda of law, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

### III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

5

DECISION AND ORDER – FOX v BERRYHILL 5:16-CV-01328-VEB

## B. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

C. **Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 31, 2009 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2014 (the date last insured). (T at 14). The ALJ found that Plaintiff's spinal disorder, degenerative disc disease with compression fracture of L1, Lyme's disease, hypertension, chronic obstructive pulmonary disorder with continued tobacco dependence, inflammatory

arthritis, and multiple fractures secondary to a motor vehicle accident were "severe" impairments under the Act. (T at 14).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR § 416.967 (a), with the following limitations: he can lift/carry 10 pounds frequently and push/pull within this limitation; he cannot utilize foot pedals with his left lower extremity and can only occasionally push/pull with the left upper extremity; he can stand/walk for 2 hours in an 8-hour period, with no prolonged walking greater than 15 minutes at a time; he can sit for 6 hours in an 8-hour workday (provided he can stand and stretch not more than 10% of the day); he cannot work with ladders, ropes, or scaffolds; he cannot kneel or crawl; he must avoid exposure to respiratory irritants and workplace hazards; he cannot perform jobs that required reading or writing as a primary part of the job; and he is limited to non-complex, routine tasks, with no fast-paced work. (T at 15).

The ALJ found that Plaintiff could not perform his past relevant work as a painter. (T at 18). However, considering Plaintiff's age (41 on the alleged onset

date), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 18).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from December 31, 2009 (the alleged onset date) through February 9, 2015 (the date of the ALJ's decision). (T at 19). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

**D.  Disputed Issues**

Plaintiff offers three (3) main arguments in support of his claim that the Commissioner's decision should be reversed. First, he argues that the ALJ's Listings analysis was flawed. Second, Plaintiff contends that the ALJ did not properly analyze the medical opinion evidence. Third, Plaintiff challenges the ALJ's step five analysis. This Court will address each argument in turn.

## IV. ANALYSIS

**A.  Listings Analysis**

At step three of the sequential evaluation, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in Appendix 1 of the Regulations (the "Listings"). *See* 20 C.F.R.

§§ 404.1520(d), 416.920(d). If a claimant meets or equals a listed impairment, he or she is "conclusively presumed to be disabled and entitled to benefits." *Bowen v. City of New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *see also* 20 C.F.R. §§ 404.1525(a); 416.925(a).

An impairment meets a Listing if the impairment matches all of the medical criteria specified in the Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). An impairment or combination of impairments that satisfies some, but not all of the criteria, does not qualify. *Sullivan*, 493 U.S. at 530; *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proving that she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment. To satisfy this burden, the claimant must offer medical findings equal in severity to all requirements, which findings must be supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.926(b).

If a claimant's impairment does not satisfy the Listings criteria, he or she may still be disabled if the impairment "equals" a listed impairment. 20 C.F.R. § 404.1520(d). Equivalence will be found if the medical findings are (at a minimum) equal in severity and duration to the Listed impairment. *Marcia v. Sullivan*, 900 F.2d

172, 175 (9th Cir. 1990). To determine medical equivalence, the Commissioner compares the findings concerning the alleged impairment with the medical criteria of the listed impairment. 20 C.F.R. §§ 416.924(e), 416.926.

If a claimant has multiple impairments, the ALJ must determine "whether the combination of [the] impairments is medically equal to any listed impairment." 20 C.F.R. § 404.1526(a). The claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1996). "A finding of equivalence must be based on medical evidence only." *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)(citing 20 C.F.R. § 1529(d)(3)).

"[I]n determining whether a claimant equals a listing under step three . . . the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia*, 900 F.2d at 176 (9th Cir. 1990). A remand may be required if ALJ fails adequately to consider a Listing that plausibly applies to the claimant's case. *See Lewis*, 236 F.3d at 514.

In the present case, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14). The ALJ stated that she had

considered, in particular, Listings §1.04 (Disorders of the Spine) and §14.09 (Inflammatory Arthritis). (T at 15).

Plaintiff argues that the ALJ failed to properly consider Listing § 1.04. That impairment requires the presence of a spinal disorder "resulting in compromise of a nerve root (including the cauda equina) or the spinal cord," along with other factors outlined in subsections A, B, and C in §1.04.

However, while Plaintiff cites evidence that his impairment has some of the aspects identified in the various subsections of §1.04, he cites no evidence of compromise of a nerve root (including the cauda equina) or the spinal cord. Indeed, the medical imaging is to the contrary. (T at 322, 339, 347).

As further support for the ALJ's determination, the State Agency review physicians found no evidence of a Listing level impairment. (T at 59-69, 71-81, 84-95, 97-108). *See* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Dr. David Easley, a consultative orthopedic examiner, noted that Plaintiff had good muscle strength, negative straight leg raising test, and normal gait. (T at 327-

329). He opined that Plaintiff could stand/walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. (T at 330).

In light of the foregoing, this Court finds no error in the ALJ's conclusion that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings, including Listings §1.04. (T at 14).

**B.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate

reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, as referenced above, Dr. David Easley, an orthopedic surgeon, performed a consultative examination in May of 2013. Dr. Easley opined that Plaintiff could perform work at a light exertional level, with some postural and environmental limitations. (T at 325-330). The ALJ gave "significant weight" to Dr. Easley's findings when rendering her decision. (T at 17).

Dr. Easley's assessment included a finding that Plaintiff was "unable to walk on uneven terrain." (T at 330). The ALJ, while incorporating numerous postural and environmental limitations into the RFC, did not include this particular limitation and did not explain its absence, even though she had given "substantial weight" to Dr. Easley's assessment. (T at 15).

This was error, as the ALJ was obliged to address this aspect of the consultative examiner's opinion. However, this Court finds the error harmless. Even if one assumes that Plaintiff is unable to walk on uneven terrain, he still would not meet the requirements of Listing §1.04 due to the absence of evidence of nerve root or spinal cord compromise, as discussed above.

Further, the ALJ concluded, based on the vocational expert's testimony, that Plaintiff retained the RFC to perform three representative occupations, bench assembler, information clerk, and charge account clerk. (T at 19). All of these positions are at the sedentary work level. Plaintiff offers no evidence or argument to suggest that an inability to walk on uneven terrain would preclude a person from performing any of these three positions. *See Delavera v. Astrue*, No. CV 12-06138, 2013 U.S. Dist. LEXIS 24031, at *3-4 (Cal. C.D. Feb. 20, 2013)(affirming ALJ's conclusion that claimant retained the RFC to perform sedentary work even with limitation precluding walking on uneven terrain).

Finally, it is well-settled that an inability to walk on uneven terrain is a limited finding that does not imply an overall inability to "ambulate effectively," as that term is defined in the Social Security Regulations. *See Perez v. Astrue*, 831 F. Supp. 2d 1168, 1176 (C.D. Cal. 2011) (holding that inability to walk on uneven terrain did not establish an inability to ambulate effectively).

15

DECISION AND ORDER – FOX v BERRYHILL 5:16-CV-01328-VEB

An ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination").

Here, while this Court certainly does not condone the ALJ's omission of the "uneven terrain" finding from her analysis, that error was harmless and does not warrant a remand for the reasons outlined above.

## C. Step Five Analysis

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995).

The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ relied on the vocational expert's testimony to support her step five findings that Plaintiff retained the RFC to perform three representative, sedentary jobs that exist in significant numbers in the national economy. (T at 19). Plaintiff notes, correctly, that the ALJ did not include the "uneven terrain" limitation in the hypothetical presented to the vocational expert. (T at 49-52). This was error. The ALJ was obliged to either reject that limitation, and explain why by reference to substantial evidence, or accept the limitation and include it in the hypothetical.

However, this was harmless error for the reasons outlined above. Plaintiff offers no evidence or argument that including the uneven terrain limitation would have changed the vocational expert's testimony. Indeed, a review of the *Dictionary*

*of Occupational Titles* ("DOT") descriptions for each of the positions identified by the vocational expert (and accepted by the ALJ) finds no indication of any requirement to ambulate on uneven terrain as part of these sedentary jobs, which are performed in an office environment.[3] As such, this Court finds no reversible error as to this aspect of the ALJ's decision.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

---

[3] The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n. 8 (9th Cir. 2007)(citing 20 C.F.R. § 416.966(d)(1)).

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 14th day of November 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE